**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| UNIVERSAL NORTH AMERICA INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )     2:13-cv-01767-RCJ-GWF |
| vs. | )     ORDER |
| MATTHEW A. CATHCART, individually; CHERYLE T. CATHCART, individually; and JOHN DOES 1–100, inclusive, and JANE ROES 1–20, inclusive, | )<br>)<br>)<br>) |
| Defendants. | ) |

This declaratory relief action arises out of a dispute over insurance coverage. Defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(7). (ECF No. 11). For the reasons stated herein, the motion is denied.

## I. Facts and Procedural History

On March 11, 2012, Plaintiff Universal North America Insurance Company ("Universal") issued Defendants Matthew and Cheryle Cathcart (the "Cathcarts") a homeowners insurance policy (the "Policy") covering their residence at 1012 Beaver Creek Terrance, Henderson, Nevada (the "Residence"). (Compl. ¶¶ 6–7, ECF No. 1, at 2). The Policy provided, among other things, insurance coverage for: (1) "fungi, wet or dry rot, or bacteria," subject to a policy limit of $10,000; and (2) additional living expenses in case of a casualty at the Residence, subject to a policy limit of $46,000. (*Id.* ¶¶ 27–32).

On March 21, 2012, the Cathcarts notified Universal of a pipe leak at the Residence. (*Id.* ¶ 8). The leak occurred in the master bedroom, and the water traveled to the master closet, the

master bathroom, the living room, the hallway, the laundry room, and the garage. (*Id.* ¶¶ 11–12). Upon discovering the leak, the Cathcarts contacted Yes Plumbing ("Yes") and Absolute Flood Response and Construction ("Absolute") for plumbing repairs, water removal, and restoration efforts. (*Id.* ¶ 13; Mot. Dismiss, ECF No. 11, at 6). As the repairs progressed, the Cathcarts notified Universal that they had discovered mold in their kitchen wall and cabinets. (*Id.* ¶ 14). In response, Universal paid $11,687.19 to replace the mold-damaged kitchen cabinets. (*Id.* ¶ 17). Universal also paid over $10,000 to Paul Davis Restoration ("Paul Davis") for mold remediation work, $6,050.00 to Earth Resources Group for mold testing, and $46,000 for related additional living expenses. (*Id.* ¶¶ 19–26). These payments represented the full extent of the coverages available under the applicable policy limits. (*Id.* ¶¶ 27–32).

Notwithstanding Universal's tender of the policy limits, the Cathcarts retained counsel, disputed the amount of available coverage, threatened to assert contractual and extra-contractual claims for over $91,000, and advised Universal to "choose its course carefully." (*Id.* ¶ 34; Mot. Dismiss, ECF No. 11, at 12–13). Unable to reach an agreement, Universal has taken the Cathcarts' advice and chosen the careful course: On September 26, 2013, it filed this action, seeking a declaration that it has fully satisfied all of its obligations under the Policy. (Compl., ECF No. 1, at 7). On November 25, 2013, the Cathcarts filed the instant Rule 12(b)(7) motion to dismiss, contending that certain service contractors, described as "Universal's lackies"—Yes, Absolute, ALS Development & Management Corporation ("ALS"), and a temporary housing locator known only as "CRS" (collectively, the "Contractors")— are necessary and indispensable parties to this declaratory relief action, and that their required joinder will destroy this Court's diversity jurisdiction. (Mot. Dismiss, ECF No. 11, at 5). The Court now considers the pending motion.

## II. Rule 12(b)(7)

The Cathcarts move to dismiss this case under Federal Rule of Civil Procedure 12(b)(7). The thrust of their motion is that Universal has not and cannot join its selected contractors, who, according to the Cathcarts, are necessary and indispensable parties to this case. (Mot. Dismiss, ECF No. 11, at 20–27).[1] The Court disagrees, and the motion to dismiss is therefore denied.

### A. Legal Standard

Rule 12(b)(7) provides that an action may be dismissed for failure to join a party under Rule 19. In order to determine whether Rule 19 requires the joinder of additional parties, the court may consider evidence outside of the pleadings. *McShan v. Sherrill*, 283 F.2d 462, 464 (9th Cir. 1960). With respect to motions under Rule 12(b)(7), "[t]he moving party has the burden of persuasion in arguing for dismissal." *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990).

As the Ninth Circuit has explained, the Rule 19 analysis involves "three successive inquiries." *EEOC v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005). First, the court considers whether joinder of the nonparty is necessary, pursuant to Rule 19(a)(1). *Id.* Joinder is necessary if either: (A) "in [the nonparty's] absence, the court cannot accord complete relief among existing parties"; or (B) the party "claims an interest relating to the subject of the action," such that proceeding in the nonparty's absence would prejudice that interest or subject an existing party to a substantial risk of multiple or inconsistent obligations. Fed. R. Civ. Pro. 19(a)(1). Second, only after concluding that joinder is necessary, the court then asks whether joinder is feasible in terms of jurisdiction and venue. *See Peabody*, 400 F.3d at 779. Third, "if

---

[1] The Court notes that to the extent that the Cathcarts' reply brief exceeds the twenty-page limit mandated by Local Rule 7-4 and raises an entirely new argument related to the Court's discretion to hear declaratory judgment actions, (ECF No. 15, at 17–22 ), it does not warrant, and has not received, this Court's consideration. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

joinder is not feasible, the court must determine . . . whether the case can proceed without the absentee, or whether the absentee is an 'indispensable party' such that the action must be dismissed." *Id.* "Rule 19(b) provides four factors that [courts] must consider in making this determination: (1) the extent to which a judgment rendered in the [nonparty's] absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by shaping the judgment or the relief; (3) whether a judgment rendered in the [nonparty's] absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed." *EEOC. v. Peabody W. Coal Co.*, 610 F.3d 1070, 1083 (9th Cir. 2010) (citing Fed. R. Civ. Pro. 19(b)).

**B. Analysis**

In this case, the Cathcarts have failed to demonstrate that the Contractors are necessary parties. Thus, the Court must deny the motion at the first step of the Rule 19 inquiry. Citing to no authority, the Cathcarts contend that joinder is necessary under Rule 19(a)(1)(A) because the Contractors are "inextricably intertwined" with Universal such that "the court cannot accord complete relief among the existing parties." (*See* Mot. Dismiss, ECF No. 11, at 22–23). This conclusory argument is unpersuasive.

As an initial matter, the Cathcarts do not contend, in any meaningful way, that the Contractors are "necessary" for the resolution of the pending declaratory relief action. Instead, their argument is premised on speculative future pleading practice. (*Id.* at 21–22). Specifically, the Cathcarts contend that "this case cannot be properly prepared or tried without the participation of [the Contractors] as parties because [the Cathcarts'] defenses are entwined with those parties, as are [the Cathcarts'] compulsory and permissive counterclaims, each of which will necessarily require third-party complaints to be filed and prosecuted against [the

Contractors] in conjunction with the counterclaims against Universal." (*Id.*). Thus, even if a "necessity" could arise under these facts, it would not arise unless and until such pleadings are filed.[2]

More importantly, however, the Court can most certainly "accord complete relief among [the] existing parties" to this declaratory relief action. Indeed, this action concerns only the contractual relationship between Universal and the Cathcarts. The Contractors are not parties to the underlying insurance contract, (*see generally* Compl. ECF No. 1), and it is well-settled that "[a] nonparty to a commercial contract ordinarily is not a necessary party to an adjudication of rights under the contract." *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1044 (9th Cir. 1983) (citing *Helzberg's Diamond Shops, Inc. v. Valley W. Des Moines Shopping Center, Inc.*, 564 F.2d 816, 820 (8th Cir. 1977); *Trans Pac. Corp. v. S. Seas Enters., Ltd.*, 291 F.2d 435, 436–37 (9th Cir. 1961) (per curiam); 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1613, at 177–78 (3d ed. 2001). Furthermore, the Cathcarts do not even attempt to explain why complete declaratory relief (i.e., a judicial declaration regarding Universal's duties under the terms of the Policy) cannot be accorded in the Contractors' absence. (*See* Mot. Dismiss, ECF No. 11, at 22–23).

Instead, the Cathcarts' argument "confuses the role of the absent persons as witnesses with their role as parties." *Trans Pac. Corp.*, 291 F.2d at 436. It may be the case that the

---

[2] The Cathcarts argue that Rule 12(b) requires them to bring this motion "before answering and engaging in counterclaims and third-party practice," because "[a] motion to dismiss based on FRCP 12(b)(7) is waived if not brought before the answer is filed." (Reply, ECF No. 15, at 8). This is incorrect. Learned counsel would do well to note that Rule 12(h)(1)'s waiver clause applies only to "defenses listed in Rule 12(b)(2)–(5)"; it does not apply to Rule 12(b)(7). Indeed, as set forth in Rule 12(h)(2), the "[f]ailure to . . . join a person required by Rule 19(b) . . . may be raised: (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial." Fed. R. Civ. P. 12(h).

Cathcarts will require information from the Contractors, as witnesses, to successfully defend this action. A mere need for evidence, however, does not transform the Contractors into necessary parties. *See id.* ("Appellees assert that the testimony and records of the absent parties are crucial to a proper determination of this case. This is an evidentiary problem, and not one that, ipso facto, creates a misjoinder."); *Costello Pub. Co. v. Rotelle*, 670 F.2d 1035, 1044 –45 (D.C. Cir. 1981) ("[T]he question of whether or not an entity or individual should be a party to an action is something quite different from the questions and problems associated with obtaining evidence from such an entity or individual. Rule 19 of the Federal Rules of Civil Procedure does not list the need to obtain evidence from an entity or individual as a factor bearing upon whether or not a party is necessary or indispensable to a just adjudication."); *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1498 (10th Cir. 1983) (rejecting the notion "that without the broader discovery available from [the absent] party, complete relief can not be granted" and explaining "[w]e have found no cases which approve of the use of Rule 19 simply to allow greater discovery, and we can discern no policy which such an expansion of the rule would promote."). Accordingly, the Court concludes that the Contractors are not necessary parties under Rule 19(a)(1)(A).

The Court reaches the same conclusion with respect to Rule 19(a)(1)(B). The Contractors have not claimed an interest in the instant action, and under the plain language of Rule 19(a)(1)(B) an absentee is a necessary party only if "*that person claims an interest* relating to the subject of the action *and* is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B) (emphasis added). Indeed, "Rule 19(a)(1)(B) allows a forced joinder of an outside party only upon the impetus of

6

that outside party." *Fanning v. Grp. Health Co-op.*, No. C07-1716-MJP, 2008 WL 2148753, at *2 (W.D. Wash. May 21, 2008) (citing *United States v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999) ("Joinder [under sub-parts (i) and (ii) ] is contingent upon an initial requirement that the absent party claim a legally protected interest relating to the subject matter of the action.")); *see also Ass'n to Protect Hammersley, Eld, & Totten Inlets v. Taylor Res., Inc.*, 299 F.3d 1007, 1015 (9th Cir. 2002) (finding that this portion of Rule 19 was "wholly inapplicable because [the absent party] [did] not claim an interest that [would] be impaired"); *In re Cnty. of Orange*, 262 F.3d 1014, 1023 (9th Cir. 2001) ("[A party] cannot claim that the [absentees] have a legally protected interest in the action unless the [absentees] themselves claim that they have such an interest."); *Northrop Corp.*, 705 F.2d at 1043–44 (noting that the nonparty in question "never asserted a formal interest in either the subject matter of this action or the action itself."). Accordingly, the Court cannot conclude that the Contractors are necessary parties, and the Cathcarts' motion to dismiss is therefore denied.

## CONCLUSION

IT IS HEREBY ORDERED that the motion to dismiss (ECF No. 11) is DENIED.

IT IS SO ORDERED.

Dated: April 28, 2014

_____
ROBERT C. JONES
United States District Judge